UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL EDWARD MILLER, JR.,

                Plaintiff,

v.                                             Case No. 24-cv-337-pp

SHERIFF'S DEPARTMENT STAFF
OF CRIMINAL JUSTICE FACILITY,

                Defendant.

## ORDER DIRECTING OFFICIALS AT WISCONSIN RESOURCE CENTER TO SEND PLAINTIFF'S CERTIFIED TRUST ACCOUNT STATEMENT TO THE COURT

On May 13, 2024, the court issued a "final order" directing plaintiff Michael Edward Miller, Jr. to file a complete, certified copy of his institutional trust account statement for the six months before he filed his complaint or the court would dismiss this lawsuit. Dkt. No. 10. This was the third time the court had directed the plaintiff to submit that document. See Dkts. No. 3, 7. The plaintiff first told the court that he had asked the Milwaukee County Jail to send the requested statement to the court. Dkt. No. 9. But the document the court received was only a partial statement that showed the plaintiff's trust account transactions from February 15, 2023 though March 31, 2024. Dkt. No. 8. In its prior order, the court explained that the partial statement "does cover the last six months, but it does not show any transactions between October 2023 and February 15, 2024." Dkt. No. 10 at 2. The court stated that court staff had determined the plaintiff was at the Wisconsin Resource Center (WRC)

1

during those months. Id. The court advised the plaintiff—for the second time—to provide the court with statements from *all* institutions where he had been incarcerated during the six months before he filed his complaint, which included the WRC. Id. (citing Dkt. No. 2). The court advised the plaintiff to provide the missing trust account statement by May 31, 2024 or it would dismiss his case. Id. at 3.

The May 31, 2024 deadline has passed, and the court has not received the missing statement from October 2023 through February 2024. The court received another letter from the plaintiff saying that he was "not able to provide trust account statements from Wisconsin Resource Center, for the months September to March, because [he] ha[s] no way to get the trust account statements from the time [he] was at Wisconsin Resource Center." Dkt. No. 11. He says he has "provided all that [he] can with the courts." Id. But the court also received another *partial* trust account statement from the plaintiff for November 2023—when he was at WRC. Dkt. No. 12. This contradicts the plaintiff's claim that he cannot provide any account statements from WRC. It is unclear to the court why plaintiff was able to provide his trust account statement from WRC for November 2023 but is unable to provide a statement from WRC for October and December 2023 or January to February 2024, which would cover the full length of time that the plaintiff says he was incarcerated at the WRC. See Dkt. Nos. 10, 11.

The court has given the plaintiff three opportunities to file his complete trust account statement, including two "final" opportunities. The court has

considered dismissing the case because the plaintiff has failed to comply with its orders, as it warned the plaintiff it would. But the plaintiff also has told the court on several occasions that he struggles with mental illness, which is not only why he was at WRC to begin with but is part of his underlying claims. See Dkt. No. 1 (alleging that the plaintiff "was tased in the the [*sic*] back of [his] head for basically having phycological [*sic*] issues"). It is possible these psychological issues have prevented the plaintiff from following the court's orders and obtaining his full trust account statement from the WRC.

The court will direct officials at the WRC to send to the court the plaintiff's trust account statement for his time there, from October 10, 2023 to February 15, 2024. See Bell v. Kay, 847 F.3d 866, 868 (7th Cir. 2017) (vacating dismissal and admonishing district court because it "never ordered prison officials to provide" trust account statement for incarcerated person who told the court "that they would not give it to him"). The court will send this order to the plaintiff and to the Warden of the WRC. If WRC officials refuse or are unable to comply with the court's order, the court has the option to waive the plaintiff's payment of an initial partial filing fee and screen the complaint without requiring the plaintiff to pay an initial payment. If WRC officials provide the missing trust account statement, the court will calculate the plaintiff's initial partial filing fee and order him to pay that amount. Either way, this case will proceed.

The court will send a copy of this order to the Director of the Wisconsin Resource Center.

The court **ORDERS** that by the end of the day on **July 19, 2024**, officials at the Wisconsin Resource Center must send to the court a complete, certified copy of the plaintiff's institutional trust account statement from his time at WRC—from October 10, 2023, to February 15, 2024. Those officials alternatively may send a letter explaining why they cannot provide the court that information. After the court receives that information, or after the **July 19, 2024** deadline has passed, the court will either calculate the initial partial filing fee that the plaintiff must pay or will waive his payment of that fee and screen the complaint. **The plaintiff does not need to do anything else until the court enters its next order**.

Dated in Milwaukee, Wisconsin this 17th day of June, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**