UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL EDWARD MILLER, JR.,

                Plaintiff,

v.                                                  Case No. 24-cv-337-pp

SHERIFF'S DEPARTMENT STAFF
OF CRIMINAL JUSTICE FACILITY,

                Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 6), DENYING AS MOOT PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DKT. NO. 5), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE AS UNTIMELY**

---

       Plaintiff Michael Edward Miller, Jr., who formerly was incarcerated at Dodge Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant violated his federal rights. This decision resolves the plaintiff's motions for leave to proceed without prepaying the filing fee, dkt. no. 6, and to appoint counsel, dkt. no. 5, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 6)**

       The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then

must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On July 3, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $3.53. Dkt. No. 17. The court received that fee on August 8, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time as he is able.

**II.    Screening the Complaint**

    A.    Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

"accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The caption of the complaint names "Sheriff's Department Staff of Criminal Justice Facility" as the only defendant. Dkt. No. 1 at 1. But the body of the complaint clarifies that the plaintiff seeks to sue Michael Stevenson, who works at the Milwaukee County Sheriff's Department. Id.

The complaint alleges that while the plaintiff was a pretrial detainee at the Milwaukee County Jail, Stevenson "tased [him] in [his] head on MHU [Mental Health Unit]" at 5:47 p.m. on April 16, 2019. Id. at 2, 4. The plaintiff

says that Stevenson tased him "for running down the hallway and spinning around." Id. at 2. He says that being tased "caus[ed him] to fall backward onto the prongs while the prongs of the taser were lunged [*sic*] in [his] head." Id. He says that he "was tased in the the [*sic*] back of [his] head for basically having phycological [*sic*] issues." Id. The plaintiff alleges that he was hospitalized for eleven days. Id. He asserts that Stevenson violated "Wis. § 940.24 (injury by negligent handling of dangerous weapon)." Id. He also asserts that the incident was "cruel and unusual punishment by perplex imminent suspense." Id.

The plaintiff asks that his complaint "be broadcasted of the incident in [video] of the situation and the doctor cost be payed [*sic*] off on [his] medical bills." Id. at 3. He also seeks $30 million, and he asks "to be kept out of their custody forever" and for his "pending charges to be dismissed." Id.

C. Analysis

The complaint seeks to proceed on allegations that Stevenson unnecessarily and excessively tased the plaintiff causing him injury. Those allegations could state a claim for violation of the plaintiff's rights under the Fourteenth Amendment. See Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015) (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).

But the court will not determine whether the plaintiff states a Fourteenth Amendment claim because his complaint was not timely filed. The relevant statute of limitation for claims brought under §1983 is "the statute of limitations for personal injuries supplied by the state in which the claim arose." Huber v. Anderson, 909 F.3d 201, 207 (7th Cir. 2018) (citing Wallace v.

4

Kato, 549 U.S. 384, 387 (2007)). The limitation period for §1983 claims arising in Wisconsin is the three-year limitation provision in Wis. Stat. §893.54 (2018). Wisconsin previously allowed a six-year limitation period but in 2018 reduced that period to three years. See id. (citing 2017 Wis. Act 235 (eff. Apr. 5, 2018)) (reducing applicable statute of limitation from six years to three years). The three-year limitation period applies to causes of action accruing on or after April 5, 2018. Although untimeliness is an affirmative defense, the plaintiff may plead himself out of court "if he pleads facts that show that his suit is time-barred." Tregenza v. Great Am. Commc'ns Co., 12 F.3d 717, 718 (7th Cir. 1993).

The complaint alleges that Stevenson tased the plaintiff on April 16, 2019, while he was at the Milwaukee County Jail. Because this alleged incident occurred after April 5, 2018, the three-year limitation period applies. Under that statute, the plaintiff had to bring his lawsuit about this incident no later than April 16, 2022. The court received his complaint on March 18, 2024— nearly two years too late. The plaintiff gives no reason why he did not bring his complaint within three years from the date of the incident. Because the plaintiff filed his complaint almost two years too late, and he gives no reason why he did not file it sooner, the court will dismiss it as untimely.

The court also observes that the plaintiff seeks release from custody and dismissal of his charges. But the court cannot provide that relief under §1983. The plaintiff's sole federal remedy to challenge "the fact or duration of his

5
Case 2:24-cv-00337-PP    Filed 08/29/24    Page 5 of 8    Document 20

confinement" is a petition for a writ of *habeas corpus.* Heck v. Humphrey, 512 U.S. 477, 481 (1994); see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Although district courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so "when 'it is *certain*' that amendment would be futile." See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)). The court finds that additional facts would not alter its conclusion that the plaintiff brought his complaint nearly two years too late. The court finds it certain that amendment would be futile and will not allow the plaintiff to amend his complaint.

The Department of Corrections Offender Detail website shows that the plaintiff was released onto extended supervision on August 20, 2024. See Offender Detail, https://appsdoc.wi.gov/lop/home.do (DOC #544196). The plaintiff did not notify the court of his release or give the court a current address. The court's staff contacted the plaintiff's state probation agent, who furnished a current address for the plaintiff of 2503 N. 38th St., Milwaukee, WI 53206. The court has updated the case docket and will send this order to the plaintiff at that address. The court reminds the plaintiff that it is *his* responsibility to notify the court of any change of address.

Finally, because the court is dismissing this case as untimely, the court will deny as moot the plaintiff's motion to appoint counsel. Dkt. No. 5.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 6.

The court **DENIES AS MOOT** the plaintiff's motion for appointment of counsel. Dkt. No. 5.

The court **ORDERS** that this case is **DISMISSED** because the complaint is untimely. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in *this court*. See Fed. R. App. P. 24(a)(1). The Court of Appeals may assess the plaintiff a "strike" if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 29th day of August, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

8
Case 2:24-cv-00337-PP    Filed 08/29/24    Page 8 of 8    Document 20